IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

PAUL W. EVANS,  )
 )
       Plaintiff,  )
 )
v.  )   No. 13-1118-T
 )
COMMISSIONER OF  )
SOCIAL SECURITY,  )
 )
       Defendant.  )

ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for supplemental security income ("SSI") benefits based on disability under the Act. Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 12, 2011.

On July 22, 2011, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff filed this action, requesting reversal of the decision of the Commissioner. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall

have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied. See Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id. at 545.

Plaintiff was born on August 3, 1966. R. 32. He attended school until the eleventh grade and later obtained a GED degree. R. 33, 150. He has prior work experience as a heating and air-conditioning installer. R. 34. Plaintiff alleges that he became disabled on February 15, 2006, due to seizure disorder, balance, memory loss, and depression. R. 130. However, in his disability report, Plaintiff states that he did not stop working until May 31, 2007. R. 145.

The ALJ enumerated the following findings: (1) Plaintiff has not engaged in substantial gainful activity since the application date; (2) Plaintiff has the following severe impairments: affective mood disorder, status post spinal meningitis, seizure disorder, diabetes mellitus, degenerative disc disease, osteoarthritis, and osteomyelitis; but he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (3) Plaintiff retains the residual functional capacity to perform sedentary work with no driving, operating machinery, climbing, balancing, working around hazards, or using ladders; Plaintiff's work related activities should involve only simple instructions; (4) Plaintiff is unable to perform his past relevant work; (5) Plaintiff was a younger individual with a high school education on the application date; (6) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules ("the grids") as a framework supports a finding that Plaintiff is not disabled whether or not he has transferable job skills; (7) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (8) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled
3

from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step with a finding that, although Plaintiff cannot perform his past relevant work, there is a substantial number of jobs that exist in the national economy that he can perform.

The ALJ determined that the medical and other evidence of record was not inconsistent with Plaintiff's ability to perform a substantially full range of sedentary work and that Plaintiff's non-exertional limitations did not significantly compromise his ability to perform unskilled sedentary work. Plaintiff argues that substantial evidence does not support the ALJ's findings. He specifically argues that the ALJ erred by not giving the proper weight to the medical sources of record. Plaintiff also asserts that the ALJ did not consider his need for strong medication and frequent rest and did not consider the mental restrictions that were secondary to his seizures. The court find that substantial evidence supports the ALJ's determination because the medical evidence did not show that Plaintiff was as limited as he claims.

Treatment records indicate a continued pattern of drug abuse. R. 1172, 1235, 1304, 1309, 1311, 1315, 1316, 1320, 13244, 1326, 1440, 1444. On one occasion, Plaintiff was found unresponsive in a hotel room with a crack pipe and covered in feces. R. 274. Drug testing was positive for cannabis and cocaine R. 753. He received antibiotics for treatment of meningitis and was discharged in stable condition on July 10, 2007. R. 753.

An examination by Dennis Wilson, Ph.D., a clinical psychologist, dated June 2, 2009, showed some depression but no noticeable current dementia. R. 589. Plaintiff was able to perform serial seven subtractions; he could attend and concentrate; memory was intact; and his communication and verbal skills were good. R. 587. Plaintiff admitted a significant long-term history of drug abuse to Dr. Wilson. R. 585.

Joe Allison, M.D., and Celia Gulbeck, M.D., state agency physicians, opined that Plaintiff could perform medium work. R. 373-379, 669-676. The ALJ found that Plaintiff was more limited than this. Because Plaintiff has a history of seizures, the ALJ limited him from hazardous activities and climbing. However, Plaintiff's inability to climb and be exposed to hazards did not significantly erode his ability to perform sedentary work. See SSR 96-9p.

It is the ALJ's responsibility to determine residual functional capacity based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations. See Anderson v. Shalala, 51 F.3d 777 (8th Cir. 1995); 20 C.F.R. §§ 416.945(a) & 416.946. Here, the ALJ considered all of the evidence in the record and adequately explained the basis for his residual functional capacity finding. As the ALJ's residual functional capacity was within the "zone of choice" supported by substantial evidence, his finding is upheld. See Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

After finding that Plaintiff could not perform his past relevant work, at step five, the ALJ determined that jobs exist in significant numbers that Plaintiff can perform by relying on the medical-vocational guidelines (the "grids"). The grids are matrices of the four factors identified by Congress, i.e., physical ability, age, education, and work experience, which set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. The grids provide a shortcut in certain

circumstances in determining whether a claimant can perform other work. Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir.1998), and the ALJ did not err in applying them in this case.

The ALJ found that Plaintiff's psychological limitations would not significantly compromise his ability to perform unskilled sedentary work. Unskilled work includes "the ability (on a sustained basis) to understand, remember, and carry out simple instructions; to respond appropriately to supervision, co-workers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15. Postural maneuvers such as climbing, crouching, and crawling and exposure to hazards such as moving machinery and heights do not erode the sedentary occupational base. See SSR 96-9p.

Grid Rule 201.28 applies to claimants like Plaintiff who are younger unskilled individuals with a high school education and capable of performing sedentary work. Based on these factors, the ALJ determined that the grid rules directed a finding of "not disabled." The application of the grid rules provided substantial evidence that allowed the Commissioner to carry her burden of proving that other jobs exist in significant numbers in the national economy that Plaintiff can perform despite his limitations.

In his reply brief, Plaintiff agues that the court should overturn the July 22, 2011, unfavorable decision on his first application because he received an October 8, 2013, favorable decision on his second application for benefits based on the same limitations presented in this case. Plaintiff has cited no law in support of his argument, and the court knows of none.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE